UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN, | Case No. 3:24-cv-00433-ART-CSD |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| CITY JAIL VEGAS, et al., | |
| Defendants. | |

Plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. (ECF No. 1-1.) On September 24, 2024, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before November 22, 2024. (ECF No. 3.) The Court warned Plaintiff that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $405 filing fee for a civil action by that deadline. (*Id.* at 2.) That deadline expired and Plaintiff did not file a fully complete application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond. Additionally, mail being sent to Plaintiff is being returned as undeliverable. (ECF Nos. 4, 5, 6.)

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before

1  finally dismissing a case, but must explore possible and meaningful
2  alternatives." *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986).
3  Because this action cannot realistically proceed until and unless Plaintiff either
4  files a fully complete application to proceed *in forma pauperis* or pays the $405
5  filing fee for a civil action, the only alternative is to enter a second order setting
6  another deadline. But the reality of repeating an ignored order is that it often
7  only delays the inevitable and squanders the Court's finite resources. The
8  circumstances here do not indicate that this case will be an exception: there is
9  no hint that Plaintiff needs additional time.

10  Plaintiff has filed over 80 pro se lawsuits in this district since July 2023.[1]
11  Dozens of these lawsuits have been dismissed because Plaintiff failed to correct
12  fundamental defects with them such as paying the filing fee or filing a complete
13  application to proceed *in forma pauperis*. Thus, Plaintiff has been informed
14  numerous times how to file a complete application to proceed *in forma pauperis*.
15  Additionally, in each of Plaintiff's cases, including this case, Plaintiff has been
16  issued an advisory letter informing him to immediately file a written notice of
17  change of address if he moves to a new institution or is released on parole. (*See*
18  ECF No. 2 at 1). Setting another deadline is not a meaningful alternative given
19  these circumstances. So the fifth factor favors dismissal.

20  **II.   CONCLUSION**

21  Having thoroughly considered these dismissal factors, the Court finds that
22  they weigh in favor of dismissal. It is therefore ordered that this action is
23  dismissed without prejudice based on Plaintiff's failure to file a fully complete
24  application to proceed *in forma pauperis* or pay the full $405 filing fee in

---

[1] The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

3

compliance with this Court's September 25, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and pay the filing fee or file a complete application to proceed *in forma pauperis*.

Dated this 5th day of December, 2024

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE